-O-

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | | |
|---|---|---|
| GREGG McNAMARA, | ) | Case No. CV 15-9092-JGB(AJW) |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | MEMORANDUM AND ORDER |
| | ) | DISMISSING PETITION |
| THE STATE OF CALIFORNIA, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

On November 23, 2015, petitioner filed what purports to be a petition for a writ of error coram nobis. Petitioner, who has served his sentence and is currently residing in Medford, Oregon, challenges his 1978 conviction in the California Superior Court. [Petition at 1-13].

A petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 "is the exclusive avenue for a state court prisoner to challenge the constitutionality of his detention." White v. Lambert, 370 F.3d 1002, 1007 (9th Cir. 2004), cert. denied, 543 U.S. 991 (2005), overruled on other grounds, Hayward v. Marshall, 603 F.3d 546 (9th Cir. 2010)(en banc). In order to obtain relief under section 2254, however, a petitioner must be "in custody" as a result of the conviction or sentence he wishes to challenge. 28 U.S.C. § 2254(a).

1    The custody requirement is jurisdictional. <u>Bailey v. Hill</u>, 599 F.3d

2    976, 978 (9th Cir. 2010). A petitioner is not in custody if the

3    sentence imposed for the challenged conviction has fully expired at

4    the time the habeas corpus petition is filed. <u>Maleng v. Cook</u>, 490 U.S.

5    488, 492 (1989) (per curiam). Further, once the petitioner is

6    unconditionally released, the collateral consequences of the

7    conviction are not sufficient to render the petitioner in custody for

8    the purposes of a habeas petition. <u>Maleng</u>, 490 U.S. at 492.

9        Because petitioner is no longer in custody based upon the 1978

10   conviction, he cannot challenge that conviction in a habeas petition

11   pursuant to section 2254.

12       Petitioner might be attempting to circumvent the custody

13   requirement by styling his challenge as a petition under 28 U.S.C.

14   §1651 (the "All Writs Act"). This he may not do.

15       "Coram nobis relief is not available in federal court to attack

16   a state court conviction." <u>Casas-Castrillon v. Warden San Diego,</u>

17   <u>Correctional Facility</u>, 265 Fed. App'x. 639, 639 (9th Cir. 2008); <u>see</u>

18   <u>also</u> <u>Williams v. Waggener</u>, 271 Fed. App'x. 603, 604 (9th Cir. 2008)

19   (affirming a district court's ruling that it lacked the authority to

20   issue a writ of error coram nobis with respect to a state court

21   conviction).

22   ///

23   ///

24   ///

25   ///

26   ///

27

28

1        For the foregoing reasons, the petition is dismissed for lack of

2   jurisdiction.

3        IT IS SO ORDERED.

4   Dated:  <u>December 14, 2015</u>

5

6   _____

7   Jesus G. Bernal
    United States District Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28